IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION


UNITED STATES OF AMERICA

v.                                               CASE NO.  4:14cr15-RH/CAS

ANGEL SANTIAGO,

    Defendant.

_____/


SUPPLEMENTAL STATEMENT OF REASONS
IN SUPPORT OF THE SENTENCE

    An indictment charged the defendant Angel Santiago, a correctional officer, with having sex with an inmate.  Mr. Santiago pleaded guilty.  He was sentenced on July 22, 2014.  The uncontested evidence establishes that the sex was consensual, or as consensual as sex can be between a correctional officer and an inmate.  Mr. Santiago and the inmate have continued their relationship and still profess their love for one another.

    Under the Sex Offender Registration and Notification Act, Mr. Santiago must register initially "in the jurisdiction in which convicted," and Mr. Santiago also must register, and keep the registration current, in each jurisdiction where he

"resides," "is an employee," or "is a student."  42 U.S.C. § 16913.  The sentence includes a condition of supervised release precisely tracking this registration requirement.

 Mr. Santiago says that the federal registration requirements—and even more clearly the substantial additional burdens imposed by Georgia's sex-offender statute—are unconstitutional as applied to him, because his offense was consensual, suggesting not at all that he poses a risk to others.  As announced on the record of the sentencing hearing, I conclude that the federal registration requirement is constitutional, even as applied to Mr. Santiago.  I make no ruling on whether the Georgia requirements are constitutional, because a ruling on that issue would not affect the sentence in this case.  *See generally Ashwander v. Tenn. Valley Auth.*, 297 U.S. 288, 341, 345-46 (1936) (Brandeis, J., concurring) (setting out fundamental principles of constitutional adjudication, including that, "The Court will not 'anticipate a question of constitutional law in advance of the necessity of deciding it' ") (quoting earlier authorities in part); *see also Lyng v. Nw. Indian Cemetery Protective Ass'n*, 485 U.S. 439, 445 (1988) ("A fundamental and longstanding principle of judicial restraint requires that courts avoid reaching constitutional questions in advance of the necessity of deciding them."), *quoted*

*with approval in United States v. $242,484.00*, 318 F.3d 1240, 1242 n.2 (11th Cir. 2003).

    SO ORDERED on July 22, 2014.

                                            s/Robert L. Hinkle
                                            United States District Judge